IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| MICHAEL LONG, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 4:16-CV-380-VEH |
| | ) |
| ST. CLAIR COUNTY SHERIFF'S | ) |
| OFFICE AND SHERIFF TERRY | ) |
| SURLES, IN HIS INDIVIDUAL AND | ) |
| OFFICIAL CAPACITY, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION

This civil action was originally filed on February 3, 2016, in the Circuit Court of St. Clair County, Alabama by the plaintiff, Michael Long, against the St. Clair County Sheriff's Office and St. Clair County Sheriff Terry Surles in his individual and official capacities. (Doc. 1-2). The action was removed to this court on March 2, 2016. (Doc. 1).

The complaint sets out the following four counts: "Initial Denial of Due Process of Law" (Count One); "Continued Denial of Due Process of Law" (Count Two); "Retaliation" (Count Three); and "Declaratory Relief" (Count Four). All counts arise out of the plaintiff's termination from his employment as a St. Clair County deputy sheriff.

The case comes before the court on the defendants' motion, pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure, to dismiss this case, or, in the alternative, pursuant to Rule 12(e), for a more definite statement. (Doc. 4). The motion was filed on March 4, 2016. The plaintiff has filed no response to the motion.[1] For the reasons stated herein, the motion to dismiss will be **GRANTED**, and this case will be **DISMISSED with prejudice**.

## I.  STANDARD

Generally, the Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). However, to survive a motion to dismiss brought under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombly*").

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556) ("*Iqbal*"). That is, the complaint must include enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation and footnote omitted). Pleadings that contain nothing more than "a formulaic recitation of the elements of a

---

[1] "Appendix III" to this court's "Uniform Initial Order" provides that "[t]he opponent's responsive brief shall be filed no later than fourteen (14) **calendar** days" after the motion is filed. (Doc. 2 at 23) (emphasis in original).

cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557 (citation omitted).

Once a claim has been stated adequately, however, "it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563 (citation omitted). Further, when ruling on a motion to dismiss, a court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citing *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006)).

## II.   ALLEGATIONS IN THE COMPLAINT

The complaint alleges that the plaintiff, Michael Long, was employed by the St. Clair County Sheriff's Office. It does not specify in what capacity he was employed, but the defendant agrees that Long was a deputy sheriff. In December of 2015, Long "was notified of the [d]efendants' intent to terminate him." (Doc. 1-2 at 1). The complaint does not specify by whom the plaintiff was notified, or how. The reason for the plaintiff's termination was "an incident in which [the plaintiff] drove his police vehicle into a flooded roadway and it became incapacitated." (Doc. 1-2 at 1). The plaintiff "followed proper procedures to administratively challenge this discipline," and " [a] hearing was held on January 4th, 2016[,] at which [d]efendant Surles was present." (Doc. 1-2 at 1).

The complaint continues:

> On January 6th 2016, [d]efendants' upheld the termination of [the plaintiff], despite no evidence that [the plaintiff] was at fault for the incident that led to his termination, and despite numerous other officers receiving no discipline whatsoever for having been involved in similar incidents, in an arbitrary and capricious deprivation of [the plaintiff's] rights as a law enforcement officer and citizen of the State of Alabama.

(Doc. 1-2 at 2).

### III. ANALYSIS

#### A. The St. Clair County Sheriff's Office Is Not Capable of Being Sued

The Eleventh Circuit court of Appeals has noted:

> Sheriff's departments and police departments are not usually considered legal entities subject to suit, *see, e.g., Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir.1985) (Denver Police Department not suable entity), vacated, 475 U.S. 1138, 106 S.Ct. 1787, 90 L.Ed.2d 333 (1986) (remanding for consideration of mootness), *vacated as moot*, 800 F.2d 230 (1986) (no controversy because plaintiff withdrew from case); *Post v. City of Fort Lauderdale*, 750 F.Supp. 1131 (S.D.Fla.1990); *Shelby v. City of Atlanta*, 578 F.Supp. 1368, 1370 (N.D.Ga.1984); *Ragusa v. Streator Police Department*, 530 F.Supp. 814, 815 (N.D.Ill.1981), but "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Fed.R.Civ.P. 17(b);4 *see also Shaw v. California Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 605 (9th Cir.1986) (relying on California law to hold that San Jose Police Department may be sued in federal courts). Under Alabama law, a county sheriff's department lacks the capacity to be sued. *White v. Birch*, 582 So.2d 1085, 1087 (Ala.1991).

*Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992); *see also*, *Faulkner v. Monroe Cty. Sheriff's Dep't*, 523 F. App'x 696, 700-01 (11th Cir. 2013) (citing *Dean*

and holding that sheriff's department in Florida lacked capacity to be sued); *Ex parte Haralson*, 853 So. 2d 928, 931 (Ala. 2003) ("It is clear under Alabama law that the sheriff's department is not a legal entity subject to suit."). All claims against the St. Clair County Sheriff's Department will be dismissed. The court will examine the claims in the complaint with regard to the individual and official capacity claims against Sheriff Surles, the only remaining defendant after the dismissal of the sheriff's department.

### B.     Counts One and Two

#### 1.     *The Due Process Claims*

Counts One and Two are based, at least in part, on a violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution. The court treats these counts as alleging an action under of 42 U.S.C. § 1983, asserting a violation of rights secured by these amendments.

##### a.     The Fifth Amendment Claim Is Not Cognizable

Because the sheriff is an official of the state, not the federal government, the Fifth Amendment is inapplicable, and all section 1983 claims based upon that amendment are due to be dismissed. *See, Buxton v. City of Plant City, Fla.*, 871 F.2d 1037, 1041 (11th Cir. 1989) ("The fifth amendment to the United States Constitution restrains the federal government, and the fourteenth amendment, section 1, restrains the states, from depriving any person of life, liberty, or property without due process of law."); *Love v.*

*Davis*, 14 F. Supp. 2d 1273, 1278 n. 1 (N.D. Ala. 1998) ("[A]s neither the United States nor any of its agents is a defendant in this action, any and all . . . claims brought pursuant to the Fifth Amendment are due to be dismissed.").

### b. The Fourteenth Amendment Claim Is Not Cognizable

The Supreme Court has held:

> The Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person has already acquired in specific benefits. These interests—property interests—may take many forms.
>
> * * *
>
> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims.
>
> Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

*Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 576-77, 92 S. Ct. 2701, 2708-09, 33 L. Ed. 2d 548 (1972). The Eleventh Circuit has noted:

> To establish a Fourteenth Amendment claim for deprivation of property without due process, the plaintiff must demonstrate that (1) he had a constitutionally protected property interest and (2) the government

6

> deprived him of that " 'interest for an improper motive and by means that were pretextual, arbitrary and capricious....' " *Spence v. Zimmerman*, 873 F.2d 256, 258 (11th Cir.1989) (quoting *Hearn v. City of Gainesville*, 688 F.2d 1328, 1332 (11th Cir.1982)). State law defines the parameters of a plaintiff's property interest for section 1983 purposes. *Marine One, Inc. v. Manatee County*, 877 F.2d 892, 894 (11th Cir.1989) (citations omitted). "Whether state law has created a property interest is a legal question for the court to decide." *Id.*

*Mackenzie v. City of Rockledge*, 920 F.2d 1554, 1558-59 (11th Cir. 1991); *see also*, *Greenbriar Vill., L.L.C. v. Mountain Brook, City*, 345 F.3d 1258, 1262 (11th Cir. 2003) ("Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.").

As noted, the plaintiff has not responded to the motion, and so has failed to cite any support under Alabama law for the proposition that he had a property interest in continued employment as a deputy sheriff.[2] Further, the Alabama Supreme Court has

---

[2] At paragraph 11, the <u>complaint</u> actually states:

> By recognizing the right of a public employee to challenge an employer's decision to subject him to termination, the Ala. [sic] recognizes a property interest that is covered by the Fifth and Fourteenth Amendments to the U.S. Constitution. <u>Cleveland Board of Education v. Loudermill et. [a]l[,]</u> 470 U.S. 532, 538 (1984).

(Doc. 1-2 at 3, ¶11) (underlining in original). Similarly, at paragraph 28, the <u>complaint</u> states:

> By recognizing the right of a public employee to challenge his/ her [sic] employer's decision to subject him/ her [sic] to termination, Ala. Code [sic] recognizes a property interest that is covered by the Fifth and Fourteenth Amendments to the U.S. Constitution. <u>Cleveland Board of Education v. Loudermill et. [a]l[,]</u> 470 U.S. 532, 538 (1984).

noted:

> Alabama recognizes an employer's right to terminate an at-will employee for any reason. *Tyson Foods, Inc. v. McCollum*, 881 So.2d 976 (Ala.2003). Employment at-will is not a property interest that requires due process upon termination of the employment. *Williams v. Walker*, 526 So.2d 576 (Ala.1988); *Boyett v. Troy State Univ. at Montgomery*, 971 F.Supp. 1403 (M.D.Ala.1997).

*Ex parte Moulton*, 116 So. 3d 1119, 1134 (Ala. 2013). To the extent that they are based on a violation of the due process clause of the Fourteenth Amendment, the section 1983 claims in Counts One and Two will be dismissed.

### c. There Was An Adequate State Remedy

Further, even if the plaintiff could show that he had a property interest in continued employment, his only "due process" allegation is that he was "provided no meaningful opportunity to collect or present evidence on his behalf, call or cross examine witnesses, or rebut any of the inaccurate information allegedly used in the determination by [d]efendants to terminate his employment." (Doc. 1-2 at 2). This is a <u>procedural</u> due process claim.[3] The Eleventh Circuit has stated:

---

(Doc. 1-2 at 7, ¶28) (underlining in original). These paragraphs do not explain which portion of "the Ala." or "Ala. Code" creates a property interest in the plaintiff's continued employment. Further the *Cleveland* case cited by the plaintiff <u>does not discuss</u> whether Alabama law creates such a right.

[3] "[T]he alleged wrongful discharge of an employee by a state actor does not give rise to a substantive due process claim but instead implicates only procedural due process." *Bell v. City of Demopolis, Ala.*, 86 F.3d 191, 192 (11th Cir. 1996).

> In *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir.1994)(en banc), we said that "only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." It is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim. *See id.; see also Bass v. Perrin*, 170 F.3d 1312, 1319 (11th Cir.1999); *Harris v. Board of Educ.*, 105 F.3d 591, 596 (11th Cir.1997). This rule (that a section 1983 claim is not stated unless inadequate state procedures exist to remedy an alleged procedural deprivation) recognizes that the state must have the opportunity to "remedy the procedural failings of its subdivisions and agencies in the appropriate fora—agencies, review boards, and state courts" before being subjected to a claim alleging a procedural due process violation. *See McKinney*, 20 F.3d at 1560; *see also Horton v. Board of County Comm'rs*, 202 F.3d 1297, 1300 (11th Cir.2000).
>
> Assuming a plaintiff has shown a deprivation of some right protected by the due process clause, we—when determining if a plaintiff has stated a valid procedural due process claim—look to whether the available state procedures were adequate to correct the alleged procedural deficiencies. *See McKinney*, 20 F.3d at 1563; *see also Bell v. City of Demopolis, Alabama*, 86 F.3d 191, 192 (11th Cir.1996); *Narey v. Dean*, 32 F.3d 1521, 1527–28 (11th Cir.1994). If adequate state remedies were available but the plaintiff failed to take advantage of them, the plaintiff cannot rely on that failure to claim that the state deprived him of procedural due process. *See McKinney*, 20 F.3d at 1565 ("The fact that [McKinney] failed to avail himself of the full procedures provided by state law ... does not constitute a sign of their inadequacy."); *Bell*, 86 F.3d at 192; *Narey*, 32 F.3d at 1528.

*Cotton v. Jackson*, 216 F.3d 1328, 1330-31 (11th Cir. 2000).

As the Eleventh Circuit has noted:

> Alabama courts . . . review employment termination proceedings both to determine whether they are supported by substantial evidence and to see that the proceedings comport with procedural due process.

9

*Bell*, 86 F.3d at 192. The court in *Bell* determined that this procedure, which was also available to the plaintiff in the instant case, was an adequate state remedy. *Id*. at 193. The plaintiff cannot maintain a section 1983 claim based on a violation of procedural due process simply because he failed to take advantage of this remedy.[4] For this reason as well, the due process claims will be dismissed.

### 2. *The Section 1981, Title VII, and First Amendment Claims*

Count Two also alleges liability based upon 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), and the First Amendment of the United States Constitution. (Doc. 1-2 at 5). A claim under 42 U.S.C. § 1981 applies only to claims of racial discrimination. No facts appear in the complaint which support such a claim.

Title VII prohibits discrimination based on an individual's race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-2. Title VII also prohibits retaliation against an individual because that individual "has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title

---

[4] Count Two attempts to allege a "continued denial of due process." (Doc. 1-2 at 4). The basis for this count is simply that the plaintiff has not been hired back into his position. The court sees the plaintiff's termination as a discrete act. There is no continuing violation of the plaintiff's due process rights as a result of his failure to be rehired. The plaintiff has provided no authority to the contrary.

VII]." 42 U.S.C.A. § 2000e-3. No facts appear in the complaint supporting either type of Title VII claim. Further, there is no allegation in the complaint that the plaintiff has complied with the administrative prerequisites to filing such a claim. *See Gregory v. Georgia Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) ("Prior to filing a Title VII action . . . a plaintiff first must file a charge of discrimination with the EEOC."); *Anderson v. Embarq/Sprint*, 379 F. App'x 924, 926 (11th Cir. 2010) ("Before filing suit under Title VII . . . a plaintiff must exhaust the available administrative remedies by filing a charge with the EEOC.").

The First Amendment claim fails because the plaintiff has alleged no facts showing that any action was taken against him because of his speech or other expression.

### C. Sheriff Surles Is Entitled to Qualified Immunity as to the Individual Capacity Claims against Him

Even if the constitutional claims in Counts One and Two survive, Sheriff Surles, in his individual capacity, is entitled to qualified immunity as to these claims. The Supreme Court has stated:

> The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

*Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 815, 172 L. Ed. 2d 565 (2009).

The Eleventh Circuit notes:

> A government official asserting a qualified immunity defense bears the initial burden of showing "he was acting within his discretionary authority." *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir.2007). After the official makes this showing, the burden shifts to the plaintiff to show that "(1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir.2004). Binding decisions of the Supreme Court may clearly establish a right. *See McClish v. Nugent*, 483 F.3d 1231, 1237 (11th Cir.2007). The clearly-established requirement "ensures that officers will not be liable for damages unless they had "fair warning" that their conduct violated the law." Id. (*quoting Hope v. Pelzer*, 536 U.S. 730, 741, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002)).

*Alvarez v. U.S. Immigration & Customs Enf't*, No. 14-14611, 2016 WL 1161445, at *28 (11th Cir. Mar. 24, 2016).

As noted by the defendants, Sheriff Surles was acting within the scope of his authority when he made the employment decision at issue in this case. Because the plaintiff has failed to respond to the motion, he has not carried his burden to show that the defendant violated a constitutional right, and that said right was clearly established at the time of the alleged violation. Accordingly, even if the plaintiff had made out a cognizable claim under section 1983, any claim for money damages against the sheriff in his individual capacity would still be due to be dismissed.

### D. Sheriff Surles Is Entitled to Eleventh Amendment Immunity as to the Official Capacity Claims for Money Damages against Him

It has been stated:

> As it relates to the management of his employees, a county sheriff

> in Alabama acts as an arm of the state, and the claims asserted against [him] in his official capacity are deemed to be against the entity he represe*nts*, *i.e.*, the State of Alabama, rather than against him individually. *See Welch v. Laney*, 57 F.3d 1004, 1008–09 (11th Cir.1995). The Eleventh Amendment prohibits a federal court from exercising jurisdiction over a lawsuit against a state, unless that state either consents to be sued or waives its immunity from such suit. *Free v. Granger*, 887 F.2d 1552, 1557 (11th Cir.1989) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)); *see also Manders v. Lee*, 338 F.3d 1304, 1308–09 (11th Cir.2003) (en banc). As a result, to the extent that [an Alabama Sheriff] is sued in his official capacity for an award of damages or backpay, he is immune from liability under § 1983 and state law, so this court lacks jurisdiction to hear such claims. *See Welch, supra*; *Tani v. Shelby County, Ala.*, 511 Fed.Appx. 854, 857 (11th Cir.2013); *United Carolina Bank v. Board of Regents of Stephen F. Austin State Univ.*, 665 F.2d 553, 561 (5th Cir.1982).

*Heard v. Hannah*, 51 F. Supp. 3d 1129, 1137 (N.D. Ala. 2014) (Ott, M.J.); *see also*, *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1527 (11th Cir. 1990) (Alabama Sheriff is entitled to eleventh amendment immunity from suits for money damages in his official capacity). No claim for money damages can arise from the sheriff's alleged constitutional violations committed in his official capacity.[5]

---

[5] As noted by the Eleventh Circuit:

> [A] section 1983 lawsuit seeking prospective injunctive relief against [defendants] in their official capacities is not treated as an action against the state, and the Eleventh Amendment does not insulate official capacity defendants from actions seeking prospective injunctive relief. [A] request for reinstatement is not barred by the Eleventh Amendment.

*Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1503 (11th Cir. 1995). The plaintiff in the instant case requests reinstatement. (Doc. 1-2 at 4, 5). To that extent, his claims would not be barred by Eleventh Amendment immunity. Regardless, in light of the court's finding that all of the claims are without merit as pled, the point is moot.

### E.     <u>Count Three – Retaliation</u>

The retaliation claim is based in a violation of Title VII. For the reasons noted above, there is no factual or legal basis for a Title VII claim.

### F.     <u>Count Four – Declaratory Relief</u>

The plaintiff seeks a declaration "that he possesses a legally enforceable right to property that was deprived him by the [defendant] without Due Process of Law." (Doc. 1-2 at 7). For the reasons stated previously, this count too will be dismissed.

## IV.     CONCLUSION

For the reasons stated herein, the motion to dismiss will be granted and this case dismissed with prejudice. A final order will be entered.

**DONE** and **ORDERED** this 6th day of April, 2016.

                                      **VIRGINIA EMERSON HOPKINS**
                                      United States District Judge